Harris *v.* Tichenor.

THE CHANCELLOR.

---

ELIAS T. HARRIS, JR.

*v.*

SARAH L. TICHENOR.

Under the following bequest: " I give and bequeath to the children of M. A. Morris, * * * the interest, &c., * * during their lives and the life of the survivor of them; after their death said stock to be equally divided between the children of M. A. Marsh; " and again, "in case of the death of any of the children of the said M. A. Marsh or M. A. Morris *before coming into possession* of any of the legacies herein bequeathed to them, my will is that the share of such deceased should go to his or her issue, if any; if none, then such share is to be equally divided among the survivors," M. A. Marsh had two children, H. and T.    H. died, leaving one child. *Held*, that H. and T. took as a class, and having come into possession of the legacies before the death of H., T. was entitled to the whole by survivorship.

---

Bill for relief.    On bill and answer.

*Mr. Vail,* for complainant.

*Mr. Durand,* for defendant.

The Chancellor.

Thomas Marsh, deceased, by the third section of his will, which was proved in 1856, bequeathed as follows:

"I give and bequeath to the children of Mary Ann Morris, formerly wife of Marsh Morris, and daughter of Mary Ann and Jacob Marsh, the interest on my stock in the Rahway Bank, said interest to be paid upon the receipt of their guardian only, until the youngest shall attain the age of twenty-one, and afterwards to them only, and upon their own receipts during their lives and the life of the survivor of them. After their death, said stock to be equally divided between the children of Mary Ann Marsh, widow of Jacob Marsh, as aforesaid."

By the sixth section he declared as follows:

"And in case of the death of any of the children of the said Mary Ann Marsh and Mary Ann Morris, before coming into possession of any of the legacies herein bequeathed to them, my will is that the share of such deceased should go to his or her issue, if any; if none, then such share is to be equally divided among the survivors."

Mrs. Marsh had two children, Mrs. Harris, and the defendant, Mrs. Tichenor. Mrs. Harris died in 1870, leaving one child, the complainant. The question is, whether the complainant is entitled to a share of the dividends upon the bank stock mentioned in the third section of the will, or whether the defendant is entitled to all of them as survivor. The testator indeed did not intend that the survivor of the children of Mary Ann Morris should receive the whole of the dividends in every event. He provided against it in the sixth section, in the event of the death of one of the legatees leaving issue, "before coming into possession" of her legacy. In that event the issue was to take her share, but otherwise it was to go to the survivor.

The gift was to a class, to the children of Mary Ann Morris. Payment was, in the language of the will, to be made

to their guardian only, until the youngest should attain to the age of twenty-one years, and afterwards to the children only, and upon their own receipts, during their lives and the life of the survivor of them.

The right of survivorship flowed from the gift to the children as a class. It appears from the express provisions of the bequest, that it was the intention of the testator that the right of survivorship should exist, except in the event that the legatees should die leaving issue before the vesting of the legacy, in which case the issue was to be substituted.

The children of Mary Ann Morris both came into possession of the legacies. The legacies therefore vested in them as a class, and the right of survivorship followed. The bill will be dismissed, with costs.